NOT FOR PUBLICATION                                              **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY VELEZ, | Civil Action No. 07-0714 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER**, District Judge

    This matter comes before the Court on appeal by Plaintiff Mary Velez ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining she is ineligible for Social Security Disability Benefits or Supplemental Security Income Benefits under the Social Security Act ("the Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. §405(g). After considering the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), the Court **REVERSES** the Commissioner's decision to deny benefits and **REMANDS** this case for further proceedings.

    Plaintiff initially filed her disability claim on November 28, 1994, seeking benefits for the time period commencing October 27, 1994.[1]  (R. at 77 (Disability Determination and

---

[1] Plaintiff filed a supplemental application for disability benefits on July 26, 2000 and was awarded benefits under that application for the time period July 1, 2000 to the present. (R. at 186 (July 26, 2002 Op. of Admin. Law Judge Farley ("ALJ Farley Op.").)  That award of benefits is not under review here.

Transmittal).)  Following denial of her claim before Administrative Law Judge ("ALJ") Jane Polisar on July 17, 1996 (R. at 8-17 (Notice and Decision of ALJ Polisar)), Plaintiff ultimately appealed to the United States District Court for relief.  (R. at 197-98 (Hayden Op.).)  In a July 12, 2000 Order remanding the instant case for further proceedings before the Social Security Administration ("SSA"), U.S. District Court Judge Katherine S. Hayden specifically instructed the SSA to conduct a new hearing for further consideration of the evidence at hand and to incorporate the use of a vocational expert "to testify as to the availability of jobs within the national economy that a person with [P]laintiff's limitations [could] perform."  (Id.)  A new hearing was held on February 4, 2002 before ALJ John M. Farley (hereinafter "the ALJ"); however, it is undisputed that no vocational expert was called at that hearing.  (R. at 278-95 (Tr. of Feb. 4, 2002 Hr'g); Pl.'s Br. 15; Def.'s Br. 6.)  The ALJ subsequently denied Plaintiff's request for disability benefits for the time period from October 27, 1994 to December 31, 1998 and granted Plaintiff benefits for the time period from January 1, 1999 to June 30, 2000.  (R. at 192 (ALJ Farley Op.).)

      It is a well-established principle that a lower court must follow, to the "letter and spirit," the mandate of a reviewing court.  See Briggs v. Pa. R.R. Co., 334 U.S. 304, 306 (1948); In re Chambers Dev. Co., 148 F.3d 214, 224 (3rd Cir. 1998); Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3rd Cir. 1985) ("[i]t is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal").  A District Court acts as the reviewing court for final decisions by the Commissioner of Social Security.  42 U.S.C. §405(g).  Compliance with a District Court's remand order is therefore not optional.  See Bankers Trust

Co., 761 F.2d at 949; see also Lesmeister v. Barnhart, 439 F. Supp. 2d 1023, 1028-31 (C.D. Cal. 2006) (reversing decision of Commissioner where ALJ failed to meaningfully comply with a District Court Order requiring additional medical expert testimony); but see Allen v. Burnhart, 417 F.3d 396, 402 n.4 (3rd Cir. 2005) (finding no error in ALJ's failure to use a vocational expert because District Court's Order did not specifically mandate such use).

The case at hand was remanded to the SSA with specific instructions. If, as ordinarily is the case, the decision to use a vocational expert was within the discretion of the ALJ, it is possible that the ALJ's findings could be affirmed. See 20 C.F.R. §404.1560(b)(2); Lopez v. Comm'r of Soc. Sec., No. 06-5018, 2008 WL 741042, at *4 (3rd Cir. March 20, 2008) ("[a]t step four of the sequential evaluation process, the decision to use a vocational expert is at the discretion of the ALJ"). But, where a remand order specifically required that a vocational expert be used, the ALJ had no discretion to ignore the District Court's Order. See Bankers Trust Co., 761 F.2d at 949; Lesmeister, 439 F. Supp. 2d at 1028-31. Accordingly,

**IT IS** on this 13th day of June, 2008

**ORDERED** that the Commissioner's decision to deny Plaintiff benefits for the period from October 27, 1994 to December 31, 1998 is **REVERSED** and this matter is **REMANDED** to the Social Security Administration for further proceedings consistent with this Order.

                                      s/ Stanley R. Chesler
                                      STANLEY R. CHESLER, U.S.D.J.